UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD L. PARENTEAU, JR.,

    Plaintiff,

v.

BENJAMIN SANDERS,

    Defendant.

CASE NO. C17-888-JCC-BAT

**ORDER DECLINING TO SERVE AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT**

*Pro se* plaintiff Richard L. Parenteau, Jr., proceeding *in forma pauperis* (IFP), files a civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 1-1. The Court declines to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. However, because plaintiff is proceeding *pro se*, he is granted leave to file an amended complaint or to show cause why his claim should not be dismissed by **July 26, 2017. Any amended complaint will operate as a complete substitute for all previously filed complaints; plaintiff's previous complaint will not be considered**.

## DISCUSSION

To sustain a civil rights action under § 1983, a plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the

ORDER DECLINING TO SERVE AND
GRANTING LEAVE TO FILE AN AMENDED
COMPLAINT - 1

violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In addition, Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff's complaint lacks sufficient detail to make out any claims. Plaintiff must therefore clarify his claims as described below. A failure to do so will result in the action being dismissed.

**A.   Defendant Benjamin Sanders**

Plaintiff's complaint names as defendant medical director Dr. Benjamin Sanders. He contends he has been complaining about illegally implanted electrodes in his body and that he has sought medical care to address his pain. He further contends that Dr. Sanders "is in charge of Jail Health Services here . . . and is denying me medical care." Dkt. 1-1 at 3.

As a preliminary matter, sweeping allegations against an official are insufficient to state a claim for relief. A plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Plaintiff must therefore file an amended complaint with short, plain statements telling the Court: (1) the constitutional right he believes was violated; (2) the name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of his constitutional rights; and (5) what specific injury he suffered because of that person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

**B.     Medical Care and Treatment**

Plaintiff appears to assert he suffered a violation of his constitutional rights by deliberate indifference to his serious medical needs. To establish "deliberate indifference," plaintiff must show that a named defendant purposefully ignored or failed to respond to his pain or possible medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: (1) the seriousness of the prisoner's medical need; and (2) the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Further, a prisoner can make no claim for deliberate medical indifference unless the denial was harmful. *McGuckin*, 974 F.2d at 1060; *Shapely v. Nevada Bd. of State Prison Comm'rs.*, 766 F.2d 404, 407 (9th Cir. 1985).

The allegations in plaintiff's complaint are deficient because they lack detail and factual support. For each allegation, plaintiff must identify the name of the person who violated his constitutional right, and the specific injury he suffered because of that person's conduct. *Rizzo*, 423 U.S. at 371–72. Additionally, he must explain 1) how his allegations support a claim of a serious medical need, and 2) how each of the defendants identified in connection with these claims were deliberately indifferent to those serious medical needs.

## CONCLUSION

The Court **DECLINES** to serve the complaint which as discussed above is deficient. However, the Court grants plaintiff permission to submit an amended complaint to attempt to cure the above-mentioned deficiencies by **July 26, 2017.** The amended complaint must carry the same case number as this one. Any amended complaint will operate as a complete substitute for

all previously filed complaints; plaintiff's previous complaint will not be considered. **If no amended complaint is timely filed, the Court will recommend that this matter be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted.**

DATED this 26th day of June, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DECLINING TO SERVE AND
GRANTING LEAVE TO FILE AN AMENDED
COMPLAINT - 4