1

2

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

4

5

6

RICHARD L. PARENTEAU, JR.,

7                                    Plaintiff,

8          v.

BENJAMIN SANDERS,

9

10                          Defendants.

Case No. C17-888-MJP-BAT

REPORT AND
RECOMMENDATION

11          Richard L. Parenteau, Jr., who is currently in custody at the Washington Corrections

12   Center, commenced this civil rights action proceeding under 42 U.S.C. § 1983. Dkts. 6, 8, 23.

13   His civil rights claims arise out of a previous period of pretrial detention at King County

14   Correctional Facility. Dkt. 6, 8. Mr. Parenteau, Jr. alleges in his amended complaint that the

15   Director of King County Jail Health Services, Benjamin Sanders, M.D., violated his

16   constitutional rights when he failed to provide adequate medical care in denying him testing

17   necessary to detect devices implanted in his body in 2012. Dkt. 8. Dr. Sanders, the lone

18   defendant in this action, now moves for summary judgment. Dkt. 26. Mr. Parenteau, Jr. did not

19   file a response with the Court. However, defendant subsequently filed a reply brief referencing

20   and discussing arguments made by Mr. Parenteau in response to the motion for summary

21   judgment. Dkt. 30. Accordingly, the Court directed defendant to file the document referenced

22   and discussed as Mr. Parenteau's response as an exhibit to his reply. Dkt. 32. Defense counsel

23   subsequently filed a declaration including as an exhibit the documents from Mr. Parenteau

24

25

REPORT AND RECOMMENDATION - 1

responding to defendant's motion and referenced in defendant's reply.[1] Dkt. 33. The Court, having considered defendant's motion, the briefing of the parties, and the balance of the record, **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED** and that plaintiff's amended complaint and this action should be **DISMISSED WITH PREJUDICE**.

## RELEVANT FACTS

The parties agree that Mr. Parenteau complained to Jail Health Services (JHS) medical staff, including defendant, regarding "implanted devices that are under my skin and adhered to my penis, my testicles, my forehead, [and] my abdominals." Dkt. 8, at 4; Dkt. 26; Dkt. 28. Mr. Parenteau does not specifically claim that he was not examined or evaluated in response to his complaints but only that the medical care is inadequate because "Dr. Sanders is refusing to schedule medical imaging with a specialist." Dkt. 8, at 4. Defendant does not dispute that he refused to schedule additional imaging despite Mr. Parenteau's request and indicates this is because his physical examination of Mr. Parenteau revealed "no evidence of illness, foreign body, or other organic problem that could explain his symptoms" and he therefore concluded that no additional workup was necessary. Dkt. 26, at 3-4; Dkt. 28. Thus, the issue in dispute is whether defendant's refusal to schedule additional medical imaging with a specialist constituted deliberate indifference to Mr. Parenteau's serious medical need.

## DISCUSSION

Defendant argues that summary judgment is warranted in this case because Mr. Parenteau suffered no violation of a constitutional right, and there is no evidence to support a deliberate

---

[1] Defense counsel's declaration indicates she had received a letter from Mr. Parenteau asking her to send a copy of his documents to the Court including his response to defendant's motion for summary judgment, exhibit sheets, and a declaration. Dkt. 33. She indicated that her paralegal had emailed Mr. Parenteau's letter to the Court, noting his request and that, since defense counsel did not represent Mr. Parenteau, she did not feel comfortable filing documents on his behalf. *Id.* Counsel also indicated she had spoken to Mr. Parenteau's counselor and requested that he familiarize Mr. Parenteau with prison procedures regarding pro se inmate court filings. *Id.*

1    indifference claim against him. Dkt. 26. Specifically, defendants argue that Mr. Parenteau fails to

2    present evidence of a serious medical need and his disagreement with defendant as to the proper

3    course of treatment is insufficient to establish a claim of deliberate indifference. *Id.*, at 6. Mr.

4    Parenteau's response argues that Dr. Sanders' statements submitted in support of his motion for

5    summary judgment are "completely false," that he has never been asked or refused to take a

6    psychiatric evaluation, that defendant has no proof he suffers from any mental disorder, that the

7    JHS medical records submitted by defendant are inadmissible hearsay, that neither he nor any

8    JHS employee has ever seen medical imaging showing there are no foreign bodies present in his

9    body but also that he in fact has medical imaging showing implants in his body. Dkt. 33-1, at 3-

10   5, 10-13.

11   **A.    Summary Judgment Standard**

12          Summary judgment should be granted if the record, taken as a whole, shows there is no

13   genuine issue as to any material fact and the moving party is entitled to judgment as a matter of

14   law. Fed. R. Civ. P. 56(c). An issue of fact is "genuine" if it constitutes evidence with which "a

15   reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*,

16   477 U.S. 242, 248 (1986). A genuine issue of fact is "material" if it "might affect the outcome of

17   the suit under the governing law." *Id*. at 248. The moving party can carry its initial burden by

18   producing affirmative evidence that negates an essential element of the nonmovant's case, or by

19   establishing that the nonmovant lacks the quantum of evidence needed to satisfy its burden of

20   persuasion at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc*., 210 F.3d 1099, 1102

21   (9th Cir. 2000). There can be no genuine issue as to any material fact where there is a complete

22   failure of proof as to an essential element of the nonmoving party's case because all other facts

23   are thereby rendered immaterial. *See Celotex v. Cattret*, 477 U.S. 317, 323 (1986).

24

25

1    The evidence is viewed and reasonable inferences are drawn in the light most favorable to

2    the nonmoving party. *United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1013 (9th Cir.

3    2006). Nevertheless, the opposing party may not rest solely upon the pleadings' allegations or

4    denials, but must present significant probative evidence that is sufficient to return a verdict for the

5    nonmoving party. *Anderson*, 477 U.S. at 248-50. The opposing party must offer more than a mere

6    "metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

7    475 U.S. 574, 586 (1986). Conclusory and non-specific statements in affidavits are not sufficient,

8    and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89

9    (1990).  A district court has no independent duty "to scour the record in search of a genuine issue

10   of triable fact," and may "rely on the nonmoving party to identify with reasonable particularity the

11   evidence that precludes summary judgment." *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017

12   (9th Cir. 2010) (citing *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996)).  The question on

13   summary judgment, then, is "whether the evidence is so one-sided that one party must prevail as a

14   matter of law." *Anderson*, 477 U.S. at 251-252.

15   The Court may consider any unopposed assertion of fact to be an undisputed fact for

16   purposes of the motion. Fed. R. Civ. P. 56(e)(2). If a party fails to properly address another party's

17   assertion of fact, the Court may "grant summary judgment if the motion and supporting materials

18   — including the facts considered undisputed — show that the movant is entitled to it." Fed. R.

19   Civ. P. 56(e)(3).

20   **B.    Section 1983**

21   In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that

22   he suffered a violation of rights protected by the Constitution or created by federal statute, and

23   (ii) that the violation was proximately caused by a person acting under color of state law. *See*

24

25

REPORT AND RECOMMENDATION - 4

*Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

**C.    Inadequate Medical Care**

The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty includes ensuring that inmates receive adequate food, clothing, shelter, and medical care. When a claim of inadequate medical care is brought by a pretrial detainee, the claim arises under the Due Process Clause of the Fourteenth Amendment. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1243-44 (9th Cir. 2010); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010). The claim is nonetheless properly analyzed under Eighth Amendment standards.  *See id.*

In order to establish an Eighth Amendment violation, a prisoner must satisfy a two-part test containing both an objective and a subjective component. The Eighth Amendment standard requires proof that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834.

The objective component of an Eighth Amendment claim is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The state of mind requirement under the subjective component of the Eighth Amendment standard has been defined as "deliberate indifference" to an inmate's health or safety. *Farmer*, 511 U.S. at 834. Under the "deliberate indifference"

1    standard, a prison official cannot be found liable for denying an inmate humane conditions of

2    confinement unless the official knows of and disregards an excessive risk to inmate health or

3    safety. *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the

4    inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

5    inference." *Id.*

6         The Ninth Circuit has explained that "[p]rison officials are deliberately indifferent to a

7    prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical

8    treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation marks

9    omitted). "[A] serious medical need is present whenever the failure to treat a prisoner's condition

10    could result in further significant injury or the unnecessary and wanton infliction of pain."

11    *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). It is well established that a mere

12    difference of opinion concerning proper medical care is not sufficient to establish deliberate

13    indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citing *Sanchez v. Vild*, 891

14    F.2d 240, 242 (9th Cir. 1989)).

15         Mr. Parenteau alleges in his amended complaint that defendant has been "denying me

16    medical care for implanted devices that are under my skin and adhered to my penis, my testicles,

17    my forehead, [and] my abdominals." Dkt. 8, at 4. Mr. Parenteau contends that defendant's actions

18    constitute cruel and unusual punishment "because Dr. Sanders is refusing to schedule medical

19    imaging with a specialist." *Id.* Mr. Parenteau contends he has informed defendant he is in pain and

20    defendant is willfully and deliberately refusing to help him. *Id.* Mr. Parenteau contends he is

21    suffering extreme mental anguish and severe pain "due to the electrodes shocking me on my

22    penis, testicles, forehead and abdominals." *Id.*

23

24

25

1  Mr. Parenteau alleges that defendant has been denying him medical care but the only

2  specific deficiency in care plaintiff identifies is that defendant has failed to schedule medical

3  imaging with a specialist. Dkt. 8, at 4. In support of his motion for summary judgment, defendant

4  presents evidence in the form of his own declaration indicating that he performed a physical

5  examination of Mr. Parenteau in April 2017. Dkt. 28. Defendant states that, during the

6  evaluation, Mr. Parenteau claimed he was a CIA whistleblower and that electronic torture

7  devices had been implanted in his skin, causing pain. *Id.* Defendant states that his physical

8  examination revealed "no evidence of an illness, foreign body, or other organic problem that

9  could explain [Mr. Parenteau's] symptoms." Dkt. 28, at 4. Based on the complete lack of clinical

10  findings on examination, Dr. Sanders states that he concluded no additional workup or treatment

11  plan changes were needed. *Id.* Dr. Sanders also indicated "mental illness, delusional disorder" as

12  a barrier to understanding and he concluded that "on a medically more probable than not basis,

13  [his] opinion is that Mr. Parenteau's complaints are an outgrowth of his mental illness,

14  specifically, a type of delusional disorder." Dkt. 28, at 4. Mr. Parenteau does not directly dispute

15  Dr. Sanders' testimony regarding his examination except to state, in conclusory fashion, that

16  "[a]ll statement of fact given in Dr. Sanders' summary judgment what the providers from King

17  County Correctional Facility provided me are completely false." Dkt. 33-1, at 3. Such a

18  conclusory and non-specific statement in an affidavit is not sufficient to raise a genuine issue of

19  fact. *Lujan*, 497 U.S. at 888–89.

20  Mr. Parenteau does more specifically dispute Dr. Sanders' statements elsewhere in his

21  declaration that the record showed Mr. Parenteau had filed a grievance stating that alien

22  abduction gave rise to electric shocks in his penis and testicles. Dkt. 28, at 2; Dkt. 33-1, at 11-12.

23  However, even accepting Mr. Parenteau's statements as true, and that defendant is incorrect that

24

25

1    Mr. Parenteau filed a grievance to that effect, this does not substantially undermine evidence that

2    defendant personally performed a physical examination and found no further testing necessary

3    based on that examination. Thus, plaintiff's dispute regarding whether or not he filed a

4    September 2014 grievance referencing an alien abduction, is insufficient to raise a genuine issue

5    of fact as to whether defendant acted with deliberate indifference in treating Mr. Parenteau.

6            Similarly, Mr. Parenteau's conclusory statements in his response that he has never been

7    asked or refused to take a psychiatric evaluation, that defendant has no proof he suffers from any

8    mental disorder, and that neither he nor any JHS employee has ever seen medical imaging

9    showing there are no implants present in his body, are likewise not sufficient to raise a genuine

10   issue of fact as to whether defendant was deliberately indifferent to a serious medical need. Dkt.

11   33-1, at 11, 12. Mr. Parenteau also asserts (contradicting his statements elsewhere) that he does,

12   in fact, have medical imaging showing implants in his body. *Id.* However, Mr. Parenteau fails to

13   produce this medical imaging, nor does he argue that Dr. Sanders was aware of this medical

14   imaging showing the existence of implants and chose to ignore it. Under the circumstances, Mr.

15   Parenteau's bare, unsupported allegations are insufficient to raise a genuine issue of fact and

16   prevent summary judgment. *See Anderson*, 477 U.S. at 248-50 (the party opposing summary

17   judgment may not rest solely upon the pleadings' allegations or denials, but must present

18   significant probative evidence that is sufficient to return a verdict for the nonmoving party).

19   *Matsushita Elec. Indus. Co.*, 475 U.S. at 586 (The party opposing summary judgment must offer

20   more than a mere "metaphysical doubt as to the material facts."); *Lujan*, 497 U.S. at 888–89

21   (Conclusory and non-specific statements in affidavits are not sufficient, and missing facts will

22   not be presumed).

23

24

25

REPORT AND RECOMMENDATION - 8

1    The Court finds that Mr. Parenteau's arguments, at most, establish a disagreement with

2    defendant concerning the proper medical care for his alleged condition, i.e., whether or not he

3    required further diagnostic imaging. This is insufficient to implicate federal constitutional

4    concerns. *See Jackson*, 90 F.3d at 332 (a mere difference of opinion concerning proper medical

5    care is not sufficient to establish deliberate indifference). In fact, even if Mr. Parenteau's

6    arguments were sufficient to implicate negligence by defendant in failing to perform further

7    testing (which they are not) this too would fall short of establishing deliberate indifference.

8    *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (Mere negligence in diagnosing

9    or treating a medical condition, without more, does not meet the Eighth Amendment deliberate

10   indifference standard.).[2]

11   **D.    Discovery**

12        The Court notes that, in his response, Mr. Parenteau also alleges that defense counsel

13   "has failed to confer" with him as required by LCR 37(a)(1). Dkt. 33-1, at 4. He contends that,

14   "in bad faith" defense counsel "suggested to me to resubmit the interrogatories according to

15   FRCP Rule 29(b). I did and they filed summary judgment instead." *Id.* Defense counsel

16   submitted a declaration responding to Mr. Parenteau's allegations indicating she had

17

18   [2] The Court notes that defendant also presents evidence in the form of JHS medical records dating from
19   July 2014 through 2017 indicating that Mr. Parenteau had received ongoing evaluation of his physical
     complaints including several clinical evaluations and an ultrasound and that no clinical physical signs
     were ever observed or identified as present or a potential cause for Mr. Parenteau's symptoms. Dkt. 28-1.
20   The JHS records also indicate that Mr. Parenteau was diagnosed with bipolar or delusional disorder and
     that this was noted by several of his health care providers as the likely explanation for his physical
21   complaints. *Id.* In Mr. Parenteau's response to defendant's motion, he objects to the JHS medical notes on
     the grounds that they "are made under the penalty of perjury and are all completely hearsay." Dkt. 33-1,
22   at 12. However, the Court need not address this issue because, even without considering the JHS medical
     notes, defendant's declaration that he had physically examined Mr. Parenteau and found no clinical
23   physiological basis for his symptoms or complaints or any basis to perform further testing and further
     that, in his medical opinion, Mr. Parenteau's complaints are the outgrowth of his mental illness, is
24   sufficient on its own to establish defendant's entitlement to summary judgment.

25

REPORT AND RECOMMENDATION - 9

corresponded with Mr. Parenteau throughout the discovery process and that he had received "documents he requested" and "responses to the interrogatories he propounded." Dkt. 31. Defense counsel also includes copies of correspondence with Mr. Parenteau related to discovery as well as copies of responses to interrogatories. Dkt. 31-1. Mr. Parenteau has not moved to compel production of any specific document or item and fails to identify what, if any, discovery is outstanding which would affect this Court's consideration of defendant's motion for summary judgment. Accordingly, the Court finds Mr. Parenteau's conclusory allegations do not raise a genuine issue of fact or otherwise alter the Court's analysis of defendant's summary judgment motion.

The Court notes that Mr. Parenteau also argues that defendant "committed perjury" which he defines as "factually true but misleading" in his response to question #19 of his interrogatories. Dkt. 33-1, at 4. However, Mr. Parenteau offers no explanation or evidence whatsoever to support this claim. Accordingly, the Court finds that this conclusory assertion also does not raise a genuine issue of fact or alter the Court's analysis of defendant's summary judgment motion.

## CONCLUSION

Based on the foregoing, this Court recommends that summary judgment be granted in favor of defendant and that Mr. Parenteau's amended complaint and this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

1    Objections, however, may be filed and served upon all parties no later than **March 19,**

2   **2018.** The Clerk should note the matter for **March 23, 2018**, as ready for the District Judge's

3   consideration if no objection is filed. If objections are filed, any response is due within 14 days

4   after being served with the objections. A party filing an objection must note the matter for the

5   Court's consideration 14 days from the date the objection is filed and served. The matter will

6   then be ready for the Court's consideration on the date the response is due. Objections and

7   responses shall not exceed eight (8) pages. The failure to timely object may affect the right to

8   appeal.

9

10    DATED this 5th day of March, 2018.

11

12    _____

13    BRIAN A. TSUCHIDA
     United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

REPORT AND RECOMMENDATION - 11